UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                        No. 06-298

CARNELL MEREDITH                                             SECTION I/4

### ORDER AND REASONS

Before the Court is the motion of defendant, Carnell Meredith ("Meredith"), to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

On June 21, 2007, Meredith pled guilty to possession with the intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He also pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Additionally, he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 17, 2007, this Court sentenced Meredith to a total term of 180 months imprisonment. On May 4, 2008, this Court denied Meredith's 18 U.S.C. § 3582 motion for a sentence reduction based on the amended federal sentencing guidelines for cocaine base.

The sole basis of Meredith's present motion is that the Fair Sentencing Act of 2010 ("FSA") should be retroactively applied to his case, causing his sentence to be significantly reduced. The government first asserts that Meredith's motion should be denied because it is untimely. Further, the government argues that the post-conviction collateral attack waiver contained in Meredith's plea agreement precludes the Court from considering Meredith's motion. Finally, the government maintains that the FSA is not retroactive.

Even assuming, without deciding, that Meredith's § 2255 motion is timely and that his post-conviction collateral attack waiver does not preclude Meredith from filing such motion, the Court is unable to grant him any relief.  As the Fifth Circuit recently determined in *United States v. Doggins*, --- F.3d ---- , 2011 WL 438935 (5th Cir. Feb. 9, 2011), "the Savings Statute, 1 U.S.C. § 109, provides that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states.  The Fair Sentencing Act does not so state, so it does not apply retroactively."  This Court reached the same conclusion in earlier cases.  *See, e.g.*, United States v. Boyd, 08-70, 2010 WL 5373923 (E.D. La. Dec. 21, 2010).  Meredith was sentenced before the FSA was enacted.  Because the Fifth Circuit has determined that the FSA is not retroactive, Meredith cannot rely upon the FSA to seek a sentence reduction.

Accordingly, IT IS ORDERED that Meredith's motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Meredith's motion is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March ___7th___, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**