UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 06-298 |
| CARNELL MEREDITH | SECTION: I |

## TRANSFER ORDER

Defendant, CARNELL MEREDITH, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Rec. Doc. No. 68).

On June 21, 2007, Meredith pled guilty to possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B). He also pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Additionally, he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 17, 2007, this Court sentenced Meredith to a total term of 180 months imprisonment. On May 14, 2008, this Court denied Meredith's 18 U.S.C. § 3582 motion for a sentence reduction based on the amended federal sentencing guidelines for cocaine base. (Rec. Doc. No. 57). On June 14, 2010, Meredith filed a motion to vacate his sentence

pursuant to 28 U.S.C. § 2255, asserting that the Fair Sentencing Act of 2010 should be retroactively applied to his case in order to significantly reduce his sentence. (Rec. Doc. No. 59). This court denied his motion by Judgment entered March 9, 2011. (Rec. Doc. No. 67).

In support of his present motion to vacate, Meredith once again asserts that the Fair Sentencing Act of 2010 should be applied to reduce his sentence. The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 25th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

3